A. McKenzie & Wife vs. E. B. Stratton, &c.,

**Deed of Gift—Mortgage—Infant's 'Contracts Void—Fraudulent Conveyance.**
On the 16th day of May, 1865, Mary Price made a voluntary deed of gift to her infant daughter, Florida Price, of various articles of household furniture and the deed was duly recorded. Afterwards, the mother and daughter executed thir joint note with a mortgage on the furniture to secure its payment: Held, that as the record discloses no evidence of actual fraud in the execution of the deed of gift, and as it was made before the debt of appelle existed, it therefore operated to vest the title to the property in the infant and she had a right to avoid the note and mortgage on the grounds of her infancy.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 4, 1868.

Opinion of the Court by Judge Hardin:

On the 16th day of May, 1865, Mary L. Price made a voluntary deed of gift to her infant daughter Florida Price, then residing with her in the city of Louisville, of various articles of household furniture, and the deed was duly recorded.

Afterwards, on the 8th day of December, 1866, while said mother and daughter continued to live together, and were using the furniture at their home, they executed their joint note with a mortgage on the furniture to secure its payment, to Henry C. Sherrill for the sum of $225, payable March 1st, 1867.

The note and mortgage were assigned by Sherrill to Stratton & Snodgrass, who brought this suit for a foreclosure of the mortgage.

Said Florida Price having intermarried with Augustus McKenzie, they filed their answer, claiming that the property was vested in said Florida by the deed of the 16th of May, 1865, and that she was not bound by the note and mortgage afterwards made to Sherrill, because she was at the time an infant.

It appears that the money realized on the note and mortgage was used to pay a debt of Mrs .Price for rent, for which a distress warrant was levied on part of the property in controversy.

The court dismissed the action as to McKenzie and wife so far

as it sought to enforce the note and mortgage against them, but held the deed of gift did not operate to convey the furniture to Mrs. McKenzie to the exclusion of the plaintiffs' debt, and adjudged a sale of the property for its payment, and from that judgment McKenzie and wife have appealed.

The record discloses no evidence of actual fraud in the execution of the deed of gift, and as it was made before the debt of appellees existed, and when Mrs. Price was not indebted so far as appears in this case, it cannot be regarded as constructively fraudulent. It therefore operated to vest the property in Mrs. McKenzie, and as she had a right to avoid the note and mortgage subsequently made on the ground of her infancy, it seems to us the court erred in adjudging a sale of the property.

Wherefore, the judgment is reversed, and the cause remanded with directions to render a judgment conformable to this opinion.

*Buckner & Wing, for appellants.*

*Stratton, for appellees.*